UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROBERT WAYNE MECKEL,** <br> **Inmate No. 02186844,** | § § § | |
| **Petitioner,** | § § | |
| v. | § § | CIVIL NO. 5:20-CV-0400-FB |
| **BOBBY LUMPKIN, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** | § § § § § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* petitioner Robert Wayne Meckel's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), respondent Bobby Lumpkin's Answer (ECF No. 18), and petitioner's Replies (ECF Nos. 20, 21) thereto. Petitioner challenges the constitutionality of his 2018 state court conviction for driving while intoxicated, arguing (1) he received ineffective assistance from his trial counsel, (2) he received ineffective assistance from his appellate counsel, (3) the trial court erred by incorrectly advising him on parole eligibility, and (4) he was denied credit for time spent in pretrial detention. In his answer, respondent contends petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In March 2018, petitioner plead guilty to felony driving while intoxicated and was sentenced to six years of imprisonment pursuant to the terms of the plea bargain agreement. *State v. Meckel*, No. 2017-CR-5090 (399th Dist. Ct., Bexar Cnty., Tex. Mar. 1, 2018); (ECF No. 19-8 at 147-48). The Fourth Court of Appeals dismissed petitioner's subsequent appeal because he waived the right to appeal as part of the plea bargain agreement. *Meckel v. State*, No. 04-18-00228-CR, 2018 WL 2222194 (Tex. App.–San Antonio, May 16, 2018, no pet.); (ECF No. 19-3). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. (ECF No. 19-6).

Instead, petitioner filed a state habeas corpus application challenging his conviction and sentence in March 2019. *Ex parte Meckel*, No. 89,820-02 (Tex. Crim. App.); (ECF No. 13-43 at 5-23). The Texas Court of Criminal Appeals dismissed the petition on August 21, 2019, as non-compliant because petitioner did not properly verify the application as required by Rule 73.1 of the Texas Rules of Appellate Procedure. (ECF No. 13-37). Petitioner corrected the problem and filed a second state habeas application on September 30, 2019, but the Texas Court of Criminal Appeals eventually denied relief without written order on February 19, 2020. *Ex parte Meckel*, No. 89,820-03 (Tex. Crim. App.); (ECF Nos. 13-46 at 19, 18-1). Petitioner then filed the instant federal habeas petition on March 27, 2020. (ECF No. 1 at 1).

## II. Timeliness Analysis

Respondent contends petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, petitioner's conviction became final August 14, 2018, when his time for filing a PDR with the Texas Court of Criminal Appeals expired. *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction expired a year later on August 14, 2019. Because petitioner did not file his § 2254 petition until March 27, 2020—well over seven months after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

**A.**     **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). To start, there has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). While petitioner blames the trial court for accepting his unsigned state habeas application "as is" and then forwarding the application to the Texas Court of Criminal Appeals, this alleged impediment was entirely of petitioner's own making as it was petitioner who submitted an application that did not comply with the Texas Rules of Appellate Procedure in the first place. Furthermore, there has been no showing of a newly recognized constitutional right upon

which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D). Thus, statutory tolling under § 2244(d)(1) is unwarranted.

Similarly, petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, the Texas Court of Criminal Appeals dismissed petitioner's first state habeas application for failing to comply with the Texas Rules of Appellate Procedure. As such, this application was not "properly filed" under § 2244(d)(2) and affords petitioner no tolling effect. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").[1]

Likewise, petitioner's second state habeas application does not toll the one-year limitations period because it was not filed until September 30, 2019, six weeks after the limitations period expired for challenging his underlying conviction and sentence. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Because the application was filed after the time for filing a federal petition under § 2244(d)(1) had lapsed, it does not toll the one-year limitations period.

---

[1] Indeed, the Supreme Court has indicated that a state court's ruling that a state habeas application was not properly filed is "the end of the matter," precluding such application's tolling of the statute of limitations for purposes of the filing of a federal habeas petition. *See Carey v. Saffold*, 536 U.S. 214, 226 (2002); *see also Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("Because Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2)."). Accordingly, the Fifth Circuit has affirmed that "a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements." *Mathis v. Thaler*, 616 F.3d 461, 471 (5th Cir. 2010) (quoting *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999)); *see Wilson v. Cain*, 564 F.3d 702, 704 (5th Cir. 2009).

*See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, petitioner's limitations period for filing a federal petition still expired August 14, 2019. He did not file the instant § 2254 petition until March 27, 2020, over seven months late.

**B.** **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Petitioner has not provided this Court with any valid reason to equitably toll the limitations period in this case.

Again, the Texas Court of Criminal Appeals dismissed petitioner's first state habeas application for non-compliance with Texas Rule of Appellate Procedure 73.1, which requires that a post-conviction application for writ of habeas corpus conform to that court's filing requirements.[2] Petitioner contends he is entitled to equitable tolling because the state habeas trial court erroneously accepted the unsigned application and then forwarded the application to the Texas Court of Criminal Appeals. But it was petitioner's *own action* of filing the unsigned application—rather than any action taken by the state habeas court—that ultimately resulted in his application being non-

---

[2] Texas Rule of Appellate Procedure 73.2 grants the Texas Court of Criminal Appeals authority to dismiss an application that does not comply with Rule 73.1. *See, e.g., Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006).

compliant. *See Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (affirming denial of equitable tolling where petitioner's own action prevented him from asserting his rights).

If petitioner had "properly filed" his state habeas application in accordance with Texas law, the federal statute of limitations would have tolled for the entire period his application was pending before the state habeas courts. *Id*. at 897. Even with the benefit of liberal construction, however, petitioner has provided no justification for the application of equitable tolling, as petitioner's mistake is hardly an "extraordinary circumstance" that prevented his timely filing. Moreover, petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). As such, equitable tolling does not apply. *Larry*, 361 F.3d at 897; *see also Jones v. Stephens*, 541 F. App'x 499, 503-05 (5th Cir. 2013) (unpublished) (finding state court's failure to timely inform petitioner his state habeas application was improperly filed under Texas Rule of Appellate Procedure 73.1 did not constitute an extraordinary circumstance warranting equitable tolling).

Regardless, even assuming the above argument constitutes an extraordinary circumstance which prevented petitioner from timely filing, petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner's direct appeal was dismissed by the Fourth Court of Appeals in May 2018, yet petitioner did not file a PDR and waited until March 2019 to execute his first state habeas corpus application. Petitioner fails to establish that his claims could not have been discovered and presented earlier. He also fails to explain why he waited five weeks to file a

corrected state habeas application once the first one was dismissed, or why he waited another five weeks after his second state habeas application was denied before filing the instant federal petition. Because petitioner does not assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his allegations in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529

U.S. at 484). A COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## IV.  Conclusion

After careful consideration, the Court concludes that petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Robert Wayne Meckel's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 15th day of January, 2021.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE